**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000346**
**31-OCT-2012**
**09:54 AM**

NO. CAAP-11-0000346

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


JASON BURNSIDE, TRUSTEE OF THE AUDREY K. BURNSIDE
REVOCABLE LIVING TRUST DATED JAN. 21, 1998 BY AND THROUGH
HIS MANAGING AGENT SCOTT REAL ESTATE, INC., Plaintiff-Appellee
v. NATHAN CADIENTE, PAULETTE CADIENTE, JOHN DOES 1-10,
AND JANE DOES 1-10, Defendants-Appellants


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CIVIL NO. IRC-11-1-512)


SUMMARY DISPOSITION ORDER
(By:  Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Paulette Cadiente (**Cadiente**)
appeals from the Judgment of Possession and Writ of Possession
entered on March 17, 2011, against Cadiente and in favor of
Plaintiff-Appellee Jason Burnside, Trustee of the Audrey K.
Burnside Revocable Living Trust dated January 21, 1998
(**Appellee**), by the Honolulu Division of the District Court of the
First Circuit (**District Court**).[1]

This appeal is narrowly confined to whether the
District Court erred when it entered the judgment and writ of
possession, and denied reconsideration of its decision to do so.
It is undisputed, however, that the subject property has since
been sold to a third-party purchaser.

---

[1]    The Honorable Gerald H. Kibe presided.

This Court has a duty "to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." Wong v. Bd. of Regents, Univ. of Hawai‘i, 62 Haw. 391, 394-95, 616 P.2d 201, 204 (1980) (citations omitted). The mootness doctrine applies "where events subsequent to the judgment of the trial court have so affected the relations between the parties that the two conditions for justiciability relevant on appeal -- adverse interest and effective remedy -- have been compromised." Wong, 62 Haw. at 394, 616 P.2d at 203-04.

Appellee's sale of the property prevents this Court from "granting any effective relief" because Cadiente cannot regain possession of the subject property. Lathrop v. Sakatani, 111 Hawai‘i 307, 313, 141 P.3d 480, 486 (2006) (citing Chaney v. Minneapolis Cmty. Dev. Agency, 641 N.W.2d 328, 335 (Minn. Ct. App. 2002) (dismissing the appeal as moot because "the property [the plaintiffs] seek is owned by others unaffected by the[] proceedings.")). Accordingly, we must conclude that the issue of possession is moot. Upon review, the exceptions to the mootness doctrine do not apply. See Lathrop, 111 Hawai‘i at 314-15, 141 P.3d at 487-88.

Based on the foregoing, we dismiss Cadiente's appeal as moot.

DATED:  Honolulu, Hawaiʻi, October 31, 2012.

Paulette L. Cadiente
Defendant-Appellant Pro Se

Fred Paul Benco
for Plaintiff-Appellee